NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3205

THIMMAPPAYYA HASANADKA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Thimmappayya Hasanadka, of Knoxville, Tennessee, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3205

THIMMAPPAYYA HASANDAKA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: September 13, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

PER CURIAM.

The appellant Thimmappayya Hasandaka, a retired federal employee, challenges the Office of Personnel Management ("OPM")'s apportionment of 53 percent of his retirement gross annuity to his ex-wife, pursuant to his divorce decree. The Merit Systems Protection Board ("Board") upheld that action, and we affirm.

I

As part of the divorce decree, an Indiana state court directed that

Ponnamma Hasanadka is entitled to fifty-three percent (53%) of Thimmappayya Hasanadka's gross monthly annuity under the Civil Service Retirement System. The [OPM] is directed to pay Ponnamma Hasanadka's share directly to [her].

OPM found the court order "acceptable for processing" (see 5 C.F.R. § 838.101(b)(1)) and notified Hasandaka that it would comply with the order upon his retirement. Hasandaka retired in 2005.

In its reconsideration decision, OPM again ruled that it would pay 53 percent of Hasandaka's gross annuity to his ex-wife.

The Board upheld OPM's ruling. In his initial decision, which became final when the Board denied review, the Board's administrative judge rejected Hasandaka's contentions (1) that OPM regulations barred the agency from giving his ex-wife a greater percentage of his gross monthly annuity than it gave him and (2) that OPM should not have applied the court's order because it was not clear and specific, as required by OPM regulations as a condition for applying such an order.

II

Under 5 U.S.C. § 8345(j), retirement annuity payments "which would otherwise be made to an . . . annuitant . . . shall be paid (in whole or in part) by [OPM] to another person if and to the extent expressly provided for in the terms of – (A) any court decree of divorce . . . ." "Under 5 U.S.C. § 8345(j)(1) (1982), OPM was required to apportion [the annuitant's] retirement benefits 'to the extent expressly provided for in the terms of any court decree of divorce.'" Levy v. Office of Personnel Management, 902 F.2d 1550, 1551-52 (Fed. Cir. 1990).

That was precisely what OPM did in this case. The divorce decree provided that Hasandaka's former wife was "entitled to" 53 percent of his "gross monthly annuity under the Civil Service Retirement System" and "directed" OPM to pay her "share directly" to her. OPM allocated that amount to her, pursuant to the divorce decree.

Hasandaka contends, however, that OPM regulations preclude that agency from paying his former wife a larger percentage of his gross annuity than it pays to him. He relies upon certain statements in the "CSRS and FERS Handbook."

That document, however, is just that: a "handbook" designed to guide personnel who administer the civil service retirement system and inform employees within its coverage of what their rights are. It does not create any legally enforceable rights in annuitants or employees. Carolina Tobacco Co. v. Bureau of Customs & Border Prot., 402 F.3d 1345, 1349 (Fed. Cir. 2005).

In any event, the provisions of the material upon which Hasandaka relies do not support his claim. Nothing in the handbook states, or even suggests, that OPM cannot pay, pursuant to a divorce decree, a higher percentage of an annuitant's gross income to his former wife than it pays to him. To the contrary, the handbook states:

> There is no percentage limitation on how much of a retirement annuity payment can be awarded to a former spouse. However, payment under a court order may not exceed:
> The net annuity, in cases involving annuities.

CSRS and FERS Handbook for Personnel and Payroll Offices 41 (Apr. 1998) available at http:// www.opm.gov/asd/hod/pdf/C005.pdf.

OPM's regulations similarly provide that "[p]ayment to a former spouse under a court order may not exceed the net annuity." 5 C.F.R. § 838.211(b).

Neither the Handbook nor the regulation limits the percentage of Hasandaka's gross annuity that OPM may pay to his former wife pursuant to a divorce decree. As the Board correctly ruled, those provisions do no more than assure that the amount the former spouse receives does not exceed the annuitant's net annuity.

Hasandaka also argues that OPM should not have implemented the court's order because that court had not satisfied the requirement in 5 C.F.R. § 838.122 that the court "issu[e] clear, specific, and express instructions consistent with the statutory provisions authorizing OPM to provide benefits to former spouses . . . ." The court's order here met those requirements.

## CONCLUSION

The decision of the Board affirming OPM's ruling is

<u>AFFIRMED</u>.